# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

**RICKEY WHITE,**

    Petitioner,

v.    CIV-20-371-JFH-KEW

**JIM FARRIS, Interim Warden,**

    Respondent.

## OPINION AND ORDER

Petitioner, a pro se state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for First Degree Murder in Choctaw County District Court Case No. CRF-1981-83 [Dkt. No. 1]. He raises four grounds for relief:

    I.    Petitioner was denied his Sixth and Fourteenth Amendment requirement that juries be drawn from a fair cross-section of the community.

    II.    Petitioner's trial counsel was not present when the names were drawn from the jury wheels and panels.

    III.    Newly-discovered evidence shows that Petitioner was wrongfully tried in state court when the federal government had jurisdiction because of his Indian tribe.

    IV.    Newly-discovered evidence shows Petitioner was convicted and sentenced by a court of incompetent jurisdiction, because he is a Black Choctaw Indian, and his conviction and sentence violated the Constitution.[1]

---

[1] Petitioner asserts he has presented Grounds I and II to the state courts, but Grounds III and IV are unexhausted because those claims are "newly-discovered" [Dkt. No. 1 at 5-10].

The record shows that Petitioner repeatedly has challenged his conviction and sentence in the federal courts. Petitioner's first habeas corpus petition was dismissed for failure to exhaust state court remedies, *White v. Ward*, No. CIV 95-607-FHS (E.D. Okla. Mar. 12, 1997), and his second petition was dismissed as barred by the statute of limitations, *White v. Gibson*, No. CIV 00-075-FHS (E.D. Okla. Mar. 31, 2003), *aff'd*, No. 03-7054 (10th Cir. Oct. 22, 2003). Petitioner also has filed the following second or successive § 2254 habeas petitions in this Court: *White v. Workman*, CIV 12-001-RAW-KEW (E.D. Okla. Jan. 12, 2012); *White v. Workman*, CIV 12-071-RAW-KEW (E.D. Okla. Feb. 24, 2012), *certificate of appealability denied*, Nos. 12-7015 & 12-7023 (10th Cir. May 23, 2012); *White v. Workman*, CIV 12-196-FHS-KEW (E.D. Okla. June 13, 2012); *White v. Workman*, CIV 12-306-RAW (E.D. Okla. July 17, 2012); *White v. Trammel*, CIV 13-185-RAW-KEW (E.D. Okla. May 16, 2013); *White v. Allbaugh*, CIV 19-080-JHP-KEW (E.D. Okla. Apr. 19, 2019), *authorization for second or successive petition denied*, No. 19-7026 (10th Cir. May 21, 2019); *White v. Crow*, CIV 20-116-RAW-KEW (E.D. Okla. July 14, 2020), *appeal docketed*, No. 20-7036 (10th Cir. July 20, 2020). In addition, the United States District Court for the Western District of Oklahoma has dismissed one of Petitioner's habeas corpus petitions challenging his conviction and sentence, finding it was second or successive. *White v. Yates*, No. CIV-18-1072-R (W.D. Okla. Jan. 3, 2019).

On November 16, 2020, Petitioner filed in the Tenth Circuit Court of Appeals a motion for authorization to file a second or successive habeas corpus petition under

28 U.S.C. § 2244(b), referencing his civil rights action in *White v. Bucklorth*, No. 20-262-RAW-SPS (E.D. Okla. Dec. 9, 2020). Petitioner's motion for authorization raised claims concerning the execution of his sentence that were presented in Case No. CIV- 20-262-RAW-SPS, and it also included some of the claims from the case now before this Court.

Referencing the case that presently is before this Court, the Tenth Circuit entered an Order denying the request for authorization. *In re White*, No. 20-7068, slip op. at 1 (10th Cir. Dec. 2, 2020). The Tenth Circuit noted that Petitioner had filed more than 20 habeas petitions, and the motion for authorization was Petitioner's eighth such motion. *Id.* at 1. Petitioner was warned by the Tenth Circuit that "if [he] files a future motion for authorization concerning this same underlying conviction or sentence in which he presents arguments in favor of authorization substantially similar to those presented in this or any of his previous motions for authorization, the Clerk shall dismiss the motion for authorization without further notice." *Id.* at 2. In light of Petitioner's history, this Court finds his present habeas petition clearly is second or successive, and he has not obtained the required authorization from the Tenth Circuit.

> When a second or successive § 2254 . . . claim is filed in the district court without the required authorization from [the circuit court of appeals], the district court may transfer the matter to [the circuit] court if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction.

*In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (citations omitted).

Here, the Court finds the "interest of justice" does not warrant transfer, because the Tenth Circuit already has denied authorization. *See Cline*, 531 F.3d at 1250-53 (discussing factors to consider in determining whether transfer under § 1631 is appropriate). Further, it appears that Petitioner's claims regarding the state court's jurisdiction are unexhausted. *See* 28 U.S.C. § 2254(b)(1)(A) (providing federal habeas courts generally may not grant relief unless petitioner has exhausted available state remedies); Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."). For these reasons, the Court concludes that dismissal without prejudice, instead of transfer, is appropriate.

The Court further finds Petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c). Accordingly, Petitioner is denied a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

**THEREFORE,** Petitioner's petition for a writ of habeas corpus [Dkt. No. 1] is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction, and Petitioner is **DENIED** a certificate of appealability.

**IT IS SO ORDERED** this 22nd day of December 2020.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE